IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ C. LOPEZ-ORTIZ, ET AL.,

    Plaintiffs,

    v.

HECTOR M. PESQUERA-LOPEZ, ET AL.,

    Defendants.

**Civil No. 13-1839 (SEC)**

### OPINION AND ORDER

Before the Court is the defendant's unopposed motion to dismiss. Docket # 9. After reviewing the filings and the applicable law, this motion is **GRANTED**.

**Factual and Procedural Background**

In this civil rights action, under 42 U.S.C. § 1983, Luz C. López-Ortíz — on her own behalf and in representation of her minor daughter and son (collectively, Plaintiffs) — sues several Puerto Rico police officers, including Héctor M. Pesquera-López, Puerto Rico's former police chief, alleging excessive use of force in contravention of the Fourth and Fourteenth Amendments. Plaintiffs also invoke supplementary jurisdiction, 28 U.S.C. § 1367(c), under Puerto Rico's general tort statutes.

In a nutshell, they claim that the officers unlawfully chased and shot the car in which the Plaintiffs were in. Docket # 1. According to the complaint, however, Pesquera-López neither participated in nor had any knowledge of the car chase and the ensuing shootout. Plaintiffs instead sue him on a supervisory liability theory and, relatedly, for his alleged "failure to properly train and retrain" the officers involved in the incident. Id., p. 13.

Pesquera-López moves to dismiss for failure to state a claim upon which relief could be granted, see Fed. R. Civ. P. 12(b)(6), maintaining that no allegations show that he was personally involved in any constitutional violation, nor that there is any causal connection

**Civil No. 13-1839 (SEC)**                                                                                                                                    Page 2

between his conduct and the alleged violations. See generally Docket # 9.  He requests that the local-law claims against him be dismissed without prejudice. Id. Plaintiffs failed to oppose. So Pesquera-López's motion to dismiss was "deemed unopposed under Local Rule 7(b) . . . ." Docket # 14.[1]

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. To avoid dismissal, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R .Civ. P. 8(a)(2). At the pleading stage, the plaintiffs need not demonstrate likelihood of success, yet their claims "'must suggest more than a sheer possibility that a defendant has acted unlawfully.'" García-Catalán v. United States, 734 F.3d 100, 102-03 (1st Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A plaintiff, the Supreme Court has held, must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a "complaint's non-conclusory factual content . . . [permits] the court to draw the reasonable inference that [each] defendant is liable for the misconduct alleged.'" Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 639 (1st Cir. 2013) (quoting Iqbal, 556 U.S. at 663). A complaint "must contain more than a rote recital of the elements of a cause of action," but it need not include "detailed factual allegations." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013). Cognizant of the First Circuit's recent admonition that the plausibility standard is sometimes applied "too mechanically," district courts must "read [the] complaint[ ] as a whole." Rodríguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico, 743 F.3d 278, 283 (1st Cir. 2014) (citation and internal quotation marks omitted).

---

[1] Local Rule 7(b) provides in pertinent part:"Unless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D.P.R. Civ. R. 7(b).

**Civil No. 13-1839 (SEC)**                                                                                                                      Page 3

### Applicable Law and Analysis

The analysis begins with a threshold determination: The consequences of failing to oppose a motion to dismiss. The short of it is that Plaintiffs' unexcused failure to respond to a motion to dismiss "authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when the result does not clearly offend equity.'" Rodríguez-Salgado v. Somoza-Colombani, 937 F. Supp. 2d 206, 211 (D.P.R. 2013) (quoting NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir.2002)); see, e.g., Rivera-Quiñones v. US Sec. Associates, No. 12-1598, 2013 WL 5636898, *4 (D.P.R. Oct. 16, 2013) (collecting cases on this point). For the reasons discussed below, granting Pesquera-López's motion as unopposed would not offend equity. This motion is thus **GRANTED** as unopposed.

But even if that dereliction were put aside (something the Court refuses to do), the same conclusion would follow. The allegations against Pesquera-López fall miles short of meeting the plausibility standard.

It is common ground that 42 U.S.C. § 1983 is the statutory predicate for the vindication of federal rights elsewhere conferred. E.g., Graham v. Connor, 490 U.S. 386, 393-94 (1989). To succeed under § 1983, a "plaintiff[ ] must show by a preponderance of the evidence that (1) the challenged conduct was attributable to a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States." Vélez-Rivera v. Agosto-Alicea, 437 F.3d 145, 151-52 (1st Cir. 2006). Under § 1983, however, government officials may only "be held liable if the plaintiff can establish [a] constitutional injury result[ing] from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization." Rodríguez-García v. Municipality of Caguas, 495 F.3d 1, 10 (1st Cir.2007) (internal quotation marks omitted). But there is no liability on the basis of respondeat superior, e.g., Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 91-92 (1st Cir. 1994), so a plaintiff must allege "that the supervisor's conduct (whether action or inaction) constitutes supervisory encouragement, condonation or acquiescence, or

**Civil No. 13-1839 (SEC)**                                                                                                  Page 4

gross negligence of the supervisor amounting to deliberate indifference." Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012) (citation and internal quotation marks omitted).

      Here, there are no allegations that Pesquera-López, as police chief, was involved directly or indirectly in the shooting. The complaint does not allege, for instance, that Pesquera-López was "the officer in charge during the incident and that he participated in or directed the constitutional violations alleged herein, or knew of the violations and failed to act to prevent them." Soto-Torres v. Fraticelli, 654 F.3d 153, 159 (1st Cir. 2011); see id. (dismissing supervisory liability claim because there was no affirmative link between supervisor's conduct and alleged constitutional violation). "Liability under Section 1983," the First Circuit has made clear, " 'cannot rest solely on a defendant's position of authority . . . .'" Rodríguez-Ramos v. Hernández-Gregorat, 685 F.3d 34, 41 (1st Cir. 2012) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 16 (1st Cir. 2011)). But that is the most that Plaintiffs offer as to the role of Pesquera-López in the incident. Because the complaint contains no allegations that Pesquera-López "actually participated in or condoned the . . . decision at issue here, it fails to render [him] [a] plausible defendant[ ]." Id.; but cf. Peña-Peña v. Figueroa-Sancha, 866 F. Supp. 2d 81, 91 (D.P.R. 2012) (denying police chief's motion to dismiss where police chief expressly authorized all actions taken by police on day in question); Molina v. Vidal-Olivo, 961 F. Supp. 2d 382, 386 (D.P.R. 2013) (similar).

      Nor does the complaint state plausible allegations pointing to Pesquera-López's involvement (through acts or omissions) in the police officer's conduct. See Soto-Torres, 654 F.3d at 159; but cf. Marrero-Rodríguez v. Municipality of San Juan, 677 F.3d 497, 502-03 (1st Cir. 2012) (allegations that the police department supervisors had the direct responsibility for structuring the training exercises supported a plausible substantive due process claim against them); Sayan-Resto v. Berrios, 933 F. Supp. 2d 252, 268 (D.P.R. 2013) (denying motion to dismiss where arrestee alleged that police chief received investigative report on sergeant's unlawful incarceration of arrestee but failed to take any corrective measures; the incident was not isolated, and the police chief's records held complaints that were similarly closed without

**Civil No. 13-1839 (SEC)**                                                                                          Page 5

corrective measures). Other than a conclusory averment that Pesquera-López "was reckless or callous in the training and retraining" of the officers, Docket # 1, ¶ 50, and threadbare recitals that he "knew or should have known about the propensity for illegal acts" by these officers, id. ¶ 47, Plaintiffs furnish no "surrounding context," Rodríguez-Vives, 743 F.3d at 286, to provide some heft to their otherwise bare and implausible claims of deliberate indifference. See also Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011)("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory to the factual."). In short, the collective weight of Plaintiffs' factual allegations fall short of nudging their federal claims against Pesquera-López "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

One loose end remains. As said, Pesquera-López also requests that the local claims asserted against him be dismissed without prejudice. Having dismissed all the federal claims against him, the Court declines to exercise jurisdiction over the pendent state-law claims. Pesquera-López's request — which, as noted earlier, stands unopposed — is therefore **GRANTED**.

**Conclusion**

For the reasons stated, Pesquera-López's motion to dismiss is **GRANTED**. The federal-law claims asserted against him are, therefore, **DISMISSED with prejudice**; the state-law claims are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of April, 2014.

                                                *s/Salvador E. Casellas*
                                                SALVADOR E. CASELLAS
                                                U.S. Senior District Judge